**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| **ANDRE JACKSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **14-6746** |
| **v.** | ) | |
| | ) | **Judge Gottschall** |
| **CITY OF CHICAGO, OFC. BRANDON** | ) | |
| **SMITH and OFC. DENNIS HUBERTS,** | ) | |
| | ) | **JURY DEMAND** |
| **Defendants.** | ) | |

**SECOND AMENDED COMPLAINT**

Plaintiff ANDRE JACKSON, by and through his attorneys, MELINDA POWER of WEST TOWN LAW OFFICE, SARA GARBER of THEDFORD GARBER LAW, and MARK PARTS and FAITH SPENCER of PARTS & SPENCER, LTD., for his Second Amended Complaint against Defendants CITY OF CHICAGO and OFCS. BRANDON SMITH and DENNIS HUBERTS alleges as follows:

**THE PARTIES**

1.     Plaintiff, ANDRE JACKSON, is a resident of Chicago, Illinois.

2.     Defendant CITY OF CHICAGO is a legal entity incorporated under the laws of the State of Illinois.

3.     Defendants OFCS. BRANDON SMITH and DENNIS HUBERTS are CITY OF CHICAGO police officers, who, at all times pertinent hereto, acted in their capacity as officers and employees of Defendant CITY OF CHICAGO's Police Department and acted under color of law.

## JURISDICTION and VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a). This Court has personal jurisdiction over Defendants as they are residents of Illinois and all actions complained of herein occurred in Illinois.

5. Venue is proper in this District because all the conduct complained of herein occurred in this District.

## STATEMENT OF FACTS

6. On September 4, 2012, Plaintiff ANDRE JACKSON was walking in the 600 block of West 90th Street in Chicago, IL, when Defendants OFCS. BRANDON SMITH and DENNIS HUBERTS confronted him.

7. When Plaintiff attempted to go on his way and depart the scene, Defendants OFCS. BRANDON SMITH and DENNIS HUBERTS would not let him leave and pursued him into an alley where they shot him.

8. Defendant OFC. BRANDON SMITH shot Plaintiff in the back of his body with a firearm without lawful cause or justification.

9. Shortly thereafter, OFC. DENNIS HUBERTS shot Plaintiff in the back of his body with a firearm without lawful cause or justification.

10. OFCS. BRANDON SMITH and DENNIS HUBERTS used inappropriate, unwarranted and unjustifiable force against Plaintiff, resulting in significant and permanent injuries, involving disability, physical pain and suffering, and scarring.

11. After OFCS. BRANDON SMITH and DENNIS HUBERTS shot Plaintiff and arrested him, they placed him in handcuffs and then Chicago police officers took Plaintiff to the hospital for emergency surgery.

12.     Defendants SMITH and HUBERTS provided false statements and prepared false and incomplete reports which caused false charges to be brought against the Plaintiff, including charges of attempted first-degree murder of a police officer and aggravated discharge of a firearm. The most serious charges brought against PLAINTIFF were multiple counts of attempted murder and of aggravated discharge of a firearm, all of which were premised upon a recitation that PLAINTIFF discharged a firearm.

13.     Defendants' statements, reports and conduct caused the initiation and continuation of the false charges against Plaintiff, including charges of attempted murder of a police officer and aggravated discharge of a firearm. Although there was a pistol reported as having been recovered from a roof near the location where PLAINTIFF was on the ground in the alley after he was shot, the only shell casings recovered in the alley matched the firearms of Defendants SMITH and HUBERTS and the physical evidence was inconsistent with the pistol recovered on the roof having been fired.

14.     Due to the most serious charges Plaintiff faced as a result of Defendants' actions, and specifically the charges of attempted murder and aggravated discharge of a firearm, Plaintiff was given a very high bond, which ensured his incarceration during the pendency of the criminal case.

15.     Defendants falsely testified against Plaintiff and maintained their false story throughout the criminal case. After being in custody for more than 3 ½ years, Plaintiff pled guilty to aggravated assault on Defendant Smith, the least serious of the charges Plaintiff faced and a charge which carried a sentence of less time than Plaintiff had already served during the pendency of the criminal case and resulted in his becoming immediately eligible for release on that case.  The prosecution had initially charged Plaintiff with aggravated assault on Defendant Huberts.  The prosecution *nolle prossed*

all charges against Defendant Huberts and amended the charge of aggravated assault against Defendant Huberts to a charge of aggravated assault against Defendant Smith and *nolle prossed* the remaining charges concerning Defendant Smith.

16.     The acts, conduct, and behavior of Defendant OFCS. BRANDON SMITH and DENNIS HUBERTS were performed knowingly, intentionally, and maliciously, or with reckless and/or knowing disregard for the Plaintiff's rights, by reason of which Plaintiff is entitled to an award of punitive damages.

## COUNT I
### (42 U.S.C. § 1983, Excessive Force Claim)

17.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs 1-16 as if set forth in full herein.

18.     As described above, Defendant OFCS. BRANDON SMITH and DENNIS HUBERTS, in shooting Plaintiff ANDRE JACKSON with their firearms, caused unjustified and excessive force to be used against Plaintiff ANDRE JACKSON.

19.     The above-described conduct by Defendant OFCS. BRANDON SMITH and DENNIS HUBERTS against Plaintiff violated Plaintiff's rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution,

WHEREFORE, Plaintiff requests that judgment be entered in favor of him and against Defendant OFCS. BRANDON SMITH and DENNIS HUBERTS, awarding compensatory and punitive damages, reasonable attorney fees and costs, and such further relief as this Court deems just.

## COUNT II
### (42 U.S.C. § 1983 Monell Claim Against Defendant CITY OF CHICAGO)

20.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs 1-19 as if set forth in full herein.

21.     The actions of Defendant OFCS. BRANDON SMITH and DENNIS HUBERTS as alleged above constitute excessive force and malicious prosecution in violation of the Fourth and Fourteenth Amendments and Illinois state law, and were done pursuant to one or more policies, practices and/or customs of Defendant CITY OF CHICAGO.

22.     Defendant CITY OF CHICAGO facilitated the type of conduct at issue here by failing to conduct appropriate pre-hiring review and examination of the background of officers.

23.     Defendant CITY OF CHICAGO facilitated the type of conduct at issue here by failing to adequately train, supervise and control officers, such that the failure to do so manifests deliberate indifference.

24.     Defendant CITY OF CHICAGO facilitated the type of conduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading personnel to believe their actions would not be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff. Indeed, for approximately the five years leading up to the incident, there were at least thirteen complaints prompting investigations against Defendant OFC. BRANDON SMITH or OFC. DENNIS HUBERTS, none of which resulted in any discipline. Additionally, four additional civil suits have been filed against Defendant OFC. BRANDON SMITH, three of which settled and two additional civil suits have been filed against Defendant OFC. DENNIS HUBERTS, one of which settled and the other is pending.

25.     Defendant CITY OF CHICAGO facilitated the type of conduct at issue here by failing to properly investigate incidents involving use of excessive force or properly discipline officers, including the individual Defendants, for those acts.

26.     Defendant CITY OF CHICAGO facilitated the type of conduct at issue here by failing to adequately keep hard copies and electronic computer records of misconduct to prevent patterns of misconduct from being established.  These actions deliberately further the concealment of misconduct.

27.     Defendant CITY OF CHICAGO municipal policymakers are aware of, yet condone and facilitate by their inaction, a "code of silence," by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case.  The policy, practice, and custom of a police code of silence results in police officers refusing to report instances of police misconduct, including excessive force, and other abuse of citizens of which they are aware, despite their obligation under police regulations to do so, and also includes police officers either remaining silent or giving false and misleading information during official investigations in order to protect themselves or fellow officers from internal discipline, civil liability, or criminal charges, as exemplified by the Laquan McDonald case, and to perjure themselves in criminal cases where they and their fellow officers have wrongfully arrested, imprisoned and prosecuted the criminal Defendant.

28.  The fact that the aforementioned code of silence exists, and that its adverse impact is allowed to occur through the actions and inactions of high ranking police officials including police Superintendents and Independent Police Review Authority (I.P.R.A.) Directors, is also evidenced by the fact that former Superintendent Martin, former O.P.S. (precursor to I.P.R.A.) Director Fogel and former O.P.S. Director Shines

have all acknowledged publicly that they are aware of the existence of the custom and practice of a police code of silence. Yet, not one I.P.R.A. Director, including the above-mentioned directors, has acted to eliminate the code or to counteract its impact on police discipline, the use of excessive force, fabrication of evidence and wrongful arrests and prosecutions. Additionally, in the case of *Obrycka v. City of Chicago,* 07 C 2372, commonly known as the *Abbate* case after the Defendant Officer, a jury found and the Court upheld a finding that a "code of silence" existed in the City of Chicago police department. Most recently, Mayor Rahm Emmanuel admitted that there is a code of silence in the Chicago police department.

29.  In particular, Municipal policymakers do not attempt to charge or discipline police officers who make false reports and statements, engage in excessive force or remain silent to hide their fellow officers' wrongdoing although I.P.R.A. has been empowered and given the responsibility to do so.

30.  The aforementioned policies, practices, and customs of failing to supervise, control and discipline officers, as well as the code of silence which is permitted to exist, are the proximate causes of Constitutional and other legal violations, and of Plaintiff's injuries.

31.  The aforementioned policies, practices and customs individually and together have been maintained and implemented with deliberate indifference by the CITY OF CHICAGO and have encouraged the individual defendants to commit the aforesaid wrongful acts against Plaintiff ANDRE JACKSON, and therefore acted as a direct and proximate cause of constitutional and other legal violations, and Plaintiff's injuries.

WHEREFORE, Plaintiff ANDRE JACKSON requests that judgment be entered in favor of him and against Defendant CITY OF CHICAGO, with Plaintiff ANDRE JACKSON being awarded compensatory damages, reasonable attorney fees and costs, and such further relief as this Court deems just.

## COUNT III
### (Malicious Prosecution)

32.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-31 as if set forth in full herein.

33.     Defendants OFC. BRANDON SMITH and OFC. DENNIS HUBERTS maliciously commenced and caused to be continued serious and false felony criminal charges against PLAINTIFF. In particular, those false charges included multiple counts of attempted first-degree murder and of aggravated discharge of a firearm, charges that Defendants knew to be false and that were inconsistent with the physical evidence.

34.     Defendants OFC. BRANDON SMITH and OFC. DENNIS HUBERTS brought and caused these false charges to be continued maliciously and for improper purposes including to cover up their use of excessive force.

35.     All but one of the criminal charges against Plaintiff were disposed of in a manner indicative of Plaintiff's innocence in that all but one of the charges were *nolle prossed*.

36.     Plaintiff sustained loss of liberty with associated suffering as a result of Defendants' actions, which also caused him to incur to incur legal costs.

WHEREFORE, Plaintiff demands judgment against Defendants CITY OF CHICAGO, OFC. BRANDON SMITH and OFC. DENNIS HUBERTS for compensatory damages, punitive damages, costs, and such other and additional relief that this Court

deems equitable and just.

**COUNT IV**
**(Indemnification)**

37.     Plaintiff realleges and incorporates herein by reference the foregoing

paragraphs 1-18 and 31-36 as if set forth in full herein.

38.     Illinois law, 735 ILCS 10/9-102, provides that public entities are directed

to pay any tort judgment for compensatory damages for which employees are liable

within the scope of their employment activities. Defendant OFCS. BRANDON SMITH

and DENNIS HUBERTS were employees of Defendant CITY OF CHICAGO, acting

within the scope of their employment in committing the misconduct described herein.

39.     Moreover, Plaintiff is a third-party beneficiary of a contract between

Defendant CITY OF CHICAGO and the union(s) representing OFCS. BRANDON

SMITH and DENNIS HUBERTS, in which contract Defendant CITY OF CHICAGO has

obligated itself to pay for all judgments for compensatory damages, attorney fees and

costs against Defendants OFCS. BRANDON SMITH and DENNIS HUBERTS.

WHEREFORE, Plaintiff requests that judgment be entered in favor of him and

against Defendant CITY OF CHICAGO for the amounts of any compensatory damages,

attorneys and fees and costs awarded against Defendant OFCS. BRANDON SMITH and

DENNIS HUBERTS.

JURY DEMAND

Plaintiff demands trial by jury on all Counts that may be tried to a jury.

Respectfully submitted,

/s Melinda Power
West Town Law Office

9

2502 West Division Street
Chicago, IL 60622
773-278-6706

/s Sara Garber
Thedford Garber Law
53 West Jackson Blvd., #638
Chicago, IL 60604

/s Mark Parts and Faith Spencer
Parts & Spencer, Ltd.
33 North LaSalle Street
Suite 2125
Chicago, IL 60602
312-920-0990