UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDRE JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14 C 6746 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Andre Jackson, brings claims under 42 U.S.C. § 1983 against the City of Chicago ("the City") and two Chicago police officers for use of excessive force and malicious prosecution. Jackson's claims arise from a police-involved shooting that occurred on September 4, 2012. Jackson alleges that the officers pursued him into an alley and shot him without probable cause. *See* 2d Am. Compl. ¶¶ 6, 7, ECF No. 65.

Defendants move without opposition for entry of a confidentiality order governing the disclosure of material produced during discovery. For the following reasons, the court finds that they have not shown good cause for entry of their proposed protective order and denies the motion without prejudice.

### The Proposed Confidentiality Order

Defendants' proposed confidentiality order tracks this court's Local Rule 26.2 model confidentiality order except that it includes language specific to the contents of complaint registers ("CRs"), which are investigative files of complaints against Chicago police officers, produced in discovery. *See* Proposed Confidentiality Order ¶ 2(b), ECF No. 88-1 (highlighting changes to model order). As proposed, the City will produce the contents of a CR without

redacting anything. *Id.* The CR's contents can be shared with parties, their attorneys, court personnel, court reporters, certain contractors, certain consultants and experts, witnesses at depositions to a limited extent, and a document's author. *See id.* ¶¶ 2(b), 5(b) (defining exactly who may access material designated as confidential information). The proposed confidentiality order also includes a process for releasing the contents of a CR file. *See id.* ¶ 2(b). Dissemination of the contents of a CR file is permitted only after giving "written notice, 30 days prior, to the officer's attorney(s) and to the City of Chicago's attorney, if different, to permit such attorneys and parties to provide a FOIA-screened copy of the CR File within that time or any other further reasonable time granted by the Court, which will then be produced without the designation 'CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.'" *Id.* The city says that this procedure will reduce the burden and expense of discovery by avoiding the cost a page-by-page review of CRs, which are often lengthy and require a detailed analysis. *Id.*

## Legal Standard

For good cause, the court may limit the scope of discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Absent a protective order, parties to a lawsuit may disseminate materials obtained during discovery as they see fit." *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (citing *Okla. Hosp. Ass'n v. Okla. Publ'g Co.*, 748 F.2d 1421, 1424 (10th Cir. 1984)); *but see Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009) ("Generally speaking, the public has no constitutional, statutory (rule-based), or common-law right of access to *unfiled* discovery."). "Given the 'extensive intrusion into the affairs of both litigants and third parties' that is both permissible and common in modern discovery, the rules provide for the use of protective orders, entered 'for good cause,' to protect litigants and third parties from the

'annoyance, embarrassment, oppression, or undue burden or expense' that may attend the discovery process." *Bond*, 585 F.3d at 1067 (citing Fed. R. Civ. P. 26(c)(1) and *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 30 (1984)). "To determine whether a party has shown good cause, the district court must balance the parties' interests, taking into account the importance of disclosure to the nonmovant and the potential harm to the party seeking the protective order." *Calhoun v. City of Chicago*, 273 F.R.D. 421, 422 (N.D. Ill. Apr.8, 2011) (citing *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997)).

## Analysis

The good-cause analysis requires a case-specific balancing of all of the facts and circumstances including "privacy interests, whether the information is important to public health and safety and whether the party benefitting from the confidentiality of the protective order is a public official." *Id.* (quoting *Wiggins*, 173 F.R.D. at 229). A decision of an intermediate Illinois appellate court has put to rest a long-standing question that has loomed over requests for protective orders in analogous cases, namely whether the CRs were exempt from disclosure in their entirety under the Illinois Freedom of Information Act ("IFOIA"), 5 ILCS 140/1 *et seq. See Calhoun*, 273 F.R.D. at 423 (collecting and discussing district court cases under earlier version of the IFOIA on this question). As defendants acknowledge, the contents of CRs no longer enjoy blanket protection under the IFOIA after *Kalven v. City of Chicago*, 7 N.E.3d 741, 745–50 (Ill. App. Ct. 2014). The IFOIA does not control this court's determination of good cause, *Calhoun*, 273 F.R.D. at 423 (citing *Rangel v. City of Chicago*, No. 10 C 2750, 2010 WL 3699991, at *2 (N.D. Ill. Sept. 13, 2010)), but it can be helpful in making that determination, *Jacobs v. City of Chicago*, No. 14 CV 5335, 2015 WL 231792, at *2 (N.D. Ill. Jan. 16, 2015) (citing *Johnson v. Kemps*, No. 09 CV 4857, 2011 WL 2550507, at *2 (N.D. Ill. June 20, 2011)). In the wake of

*Kalven*, several judges in this district have ruled that a blanket order forbidding dissemination of the contents of CR files to third parties cannot be justified. *See Jacobs*, 2015 WL 231792, at *1, 2–3 (collecting cases).

Defendants tell the court that treating everything in a CR file as presumptively confidential and creating a 30-day notice process for redaction will reduce the burden of reviewing CR files before producing them and so speed the discovery process. They cite a number of cases in which judges in this district granted unopposed motions and entered orders in substantially the same form as the proposed order here. *See, e.g.*, *Garrit v. City of Chicago*, No. 16 C 7319 (N.D. Ill. Aug. 25, 2017); *Bridges v. City of Chicago*, No. 17 C 651 (N.D. Ill. Sept. 18, 2017). But defendants point to no on the record analysis in those cases, and the court can find none.

The court has found only one post-*Kalven* case squarely considering the City's proposal for a 30-day notice period.[1] It concluded that the City and defendant police officers "failed to show good cause for treating entire CR files as confidential by default."[2] *Sokol v. City of Chicago*, No. 13 CV 5653, 2014 WL 5473050, at *3 (N.D. Ill. Oct. 29, 2014). The *Sokol* court considered a 30-day notice period an "unnecessary step in the discovery process, especially considering that any relevant statutes likely do not protect from disclosure the majority of the information contained in the CR files." *Id.*

---

[1] A review of the docket in *Jacobs* shows that the confidentiality order entered there included a 30-day review period. Confidentiality Order at 12, *Jacobs v. City of Chicago*, No. 14-CV-5335 (N.D. Ill. Jan. 16, 2015), ECF No. 34. Nonetheless, while the decision on the motion for protective order there analyzes several issues, it includes no specific discussion of the 30-day period or providing material from CR files to attorneys representing police officers. *See* 2015 WL 231792, at *2–3.

[2] *Sokol* was decided before the voluminous-records amendment to the IFOIA took effect on December 4, 2014. *See* 2014 Ill. Legis. Serv. P.A. 98-1129 (H.B. 3796), § 5 (West). For the reasons explained in the text, *infra*, the IFOIA sets deadlines for responding to voluminous-records requests that are fairly comparable to the deadlines for responding to a request for production of documents set by the Federal Rules of Civil procedure. The Illinois legislature's judgments about the burdens imposed on a public body embodied in the voluminous-records provision therefore do not alter this court's good-cause analysis.

*Sokol*'s observation that most of what CR files contain is not confidential and the implicit judgment that adding the 30-day notice period will hinder more than help the discovery process accords with the court's experience in similar cases. In *Calhoun*, this court found a predisclosure review process for CRs to be reasonable but gave the defendants only seven days to conduct the review. *Calhoun*, 273 F.R.D. at 422–23 (Gottschall, J.). Defendants offer the court no reason to depart from that balancing here, and the court's subsequent experience in *Calhoun* and *Sokol* suggest that the review process may be unnecessary. Indeed, the court denied a request for a blanket protection for CRs after *Kalven* and heard no complaints of slow or burdensome discovery from the parties in a case involving voluminous production from the City. *See Kuri v. City of Chicago*, No. 13 CV 1653, ECF No. 77, Slip Op. at 3–4 (N.D. Ill. June 11, 2014) (Gottschall, J., since reassigned). As the court disposes of the instant motion without prejudice, Defendants may attempt to persuade the court of the continued need for a review process if they choose to move for entry of a similar protective order.[3]

The proposed confidentiality order also includes language requiring dissemination not just to the City's attorneys but to counsel representing individual police officers. *See* Proposed Confidentiality Order ¶ 2(b). If this provision is intended to refer only to parties to the case, it does not say so. *See id.* Defendants cite no authority demonstrating that under Illinois law, the

---

[3] Under the Federal Rules of Civil Procedure, the City ordinarily has 30 days to respond to a request for production of documents like a CR file. Fed. R. Civ. P. 34(b)(2)(A) (allowing stipulations to extensions with court approval). This period falls in the middle of the time period within which the Illinois legislature requires a public body to respond to an IFOIA request for voluminous records.[3] *See* 5 Ill. Comp. Stat § 5/140-3.6(a)–(d) (West 2017). Under that process, a public body must respond to a request it believes is voluminous within 5 business days. § 3.6(a). The requester then has 10 business days to amend the request or otherwise respond, § 3.6(a)(iii), and if the public body still believes the request is voluminous, it must still respond within 5 business days, though it can request an additional 10 business days, *see id.* § 3.6(c)–(d). Including the optional 10-day extension, these periods add up to 30 business days. Assuming a week consisting of 5 business days, the IFOIA period analogizes to 42 days under the Federal Rules, which count periods of days without reference to business days and holidays, *see* Fed. R. Civ. P. 6(a)(1)(B), and without the 10-day extension the public body may request, the total comes to 28 days. These periods do not differ greatly from the default 30-day period set by Rule 34 to review documents and produce them. While the court intimates no view on the matter, any subsequent briefing should discuss how, if at all, the judgment implicit in the timelines set by the Illinois legislature affects the good-cause analysis.

officers would have the right or ability to participate in the process of reviewing and redacting material under the IFOIA. And they do not explain why this court should use its independent authority to give officers a right to a prerelease review while withholding a similar right from, say, victims or witnesses whose interests might be implicated by inadvertent disclosures of the contents of CR files.

Furthermore, the proposed confidentiality order lists no fewer than 37 categories of material allegedly protected from public disclosure by Illinois law. *See* Proposed Confidentiality Order tbl. at 3–4. The court agrees that some kinds of information, the identities of victims and witnesses for instance, should generally be protected from public disclosure. *See Calhoun*, 273 F.R.D. at 423–24 (finding that defendants had arguable privacy interests in the CRs and that "there is some potential for harassment or embarrassment since the unsustained CRs have not been corroborated"). But as proposed, the confidentiality order substitutes categorical rules for redaction even for things that require more nuanced balancing under Illinois law. *See* Proposed Confidentiality Order 3 (stating that redacted copy "will contain" all listed redactions). Some of the categories of material include subjective criteria not present in the cited statutory language. Item 28, for instance, requires redaction of all "[p]hotographs that are graphic in nature."[4] Proposed Confidentiality Order 4. The IFOIA exemption cited for that redaction is a more general prohibition on disclosing "information that is highly personal or objectionable," however. 5 Ill. Comp. Stat 140/7(1)(c) (West 2017) ("'Unwarranted invasion of personal privacy' means the disclosure of information that is highly personal or objectionable to a reasonable person and in which the subject's right to privacy outweighs any legitimate public interest in obtaining the information."). Defendants propose to elide the balancing of legitimate

---

[4] The proposed order separately protects "[p]hotographs of victims and CR complainants," though it makes no mention of photographs of city employees. *Id.*

interests the IFOIA would require in favor of categorical redactions. *See Lieber v. Bd. of Trs. of S. Ill. Univ.*, 680 N.E.2d 374, 379 (Ill. 1997) (holding that applying this provision requires the court to "evaluate the particular information on a case-by-case basis"). By requiring nondisclosure categorically where balancing is required, the proposed confidentiality order can be read as providing even greater protection from disclosure than the IFOIA. Defendants neither appreciate this issue in their motion or show good cause for including purported paraphrases of Illinois statutes—paraphrases that could themselves further complicate disputes under the order—in the confidentiality order. *See Jacobs*, 2015 WL 231792, at *3 (rewriting portion of analogous confidentiality order proposed by the City to list three categories of confidential information).

Finally, the proposed confidentiality order includes an exception that appears designed to address possible First Amendment concerns. It provides that "[s]ubject to this public release procedure set forth above for CR files, information or documents that are available to the public may not be designated as Confidential Information." Proposed Confidentiality Order 5. As the court reads it, this provision limits what can be designated as confidential during the review process envisioned by the proposed order. It does not restrict anyone's ability to disseminate information learned from another source, even if the information duplicates something in a CR file produced during discovery. *See id.* ("This Order does not apply to materials obtained from sources other than discovery in this case."). Understood this way, the order does not appear on its face to impose a prior restraint in violation of the First Amendment. *See Seattle Times*, 467 U.S. at 32–34, 37 (explaining that when an exception like this one is included, "judicial limitations on a party's ability to disseminate information discovered in advance of trial implicates the First Amendment rights of the restricted party to a far lesser extent than would

restraints on dissemination of information in a different context"); *Grove Fresh Distribs., Inc. v. John Labatt Ltd.*, 888 F. Supp. 1427, 1442 (N.D. Ill. 1995) (quoting *Seattle Times* and finding confidentiality order did not impose prior restraint on attorney's speech "[b]ecause [the attorney] could 'disseminate the identical information covered by the protective order as long as the information [was] gained through means independent of the court's processes'" (third set of brackets in original)).

While defendants cite *Seattle Times* in the instant motion, they provide no detailed analysis of its applicability. The proposed sentence affirming the right to disseminate information from an independent source is "[s]ubject to this public release procedure." Proposed Confidentiality Order 5. In all but the clearest cases, a prudent reader who has received the contents of a CR file in discovery might feel obliged to invoke the review process or consult the City or the court to determine whether information about which she is considering speaking publicly is truly available from an independent source. *See id.* This has a chilling effect on the reader's speech about publicly available information. *See Grove Fresh*, 888 F. Supp. at 1442 (acknowledging that requiring court approval and vetting of claim that information was available from public source restricted attorney's right to speak). The risk of chilling speech may be warranted so long as it is reasonable. *See id.* (determining that restriction imposed after initial disclosure of confidential information by attorney was reasonable and de minimis in light of the case's facts). But the City has not attempted to show that the chill imposed on disseminating publicly available information found in CR files is no greater than necessary to further its legitimate interests. *See Seattle Times*, 467 U.S. at 32 (analyzing confidentiality order by asking "whether the 'practice in question [furthers] an important or substantial governmental interest unrelated to the suppression of expression' and whether 'the limitation of First Amendment

8

freedoms [is] no greater than is necessary or essential to the protection of the particular governmental interest involved'" (quoting *Procunier v. Martinez*, 416 U.S. 396, 413 (1974) (alterations in original)); *see also Grove Fresh*, 888 F. Supp. at 1442 (discussing judge's decision to impose a requirement after an improper disclosure was made apparently because initial confidentiality order included no such requirement).

**Conclusion**

For the reasons stated, defendant's unopposed motion for protective order (ECF No. 88) is denied without prejudice.


Dated: November 14, 2017                    /s/
                                            Joan B. Gottschall
                                            United States District Judge